ON REHEARING
The appellees, petitioners for rehearing, state that this court erred in stating appel-lees subsequently sold their residence to another party and that indeed the sale did not take place. The record did reflect that appellants tried to introduce a deposit receipt contract between appellees and a third party for the sale of the property but the trial judge refused this evidence.
By our former opinion we did not intend that the trial judge on a retrial as to damages would be required to return a verdict *526 m the amount of the alleged profit on the lost bargain, but that the deposit receipt contract should be admitted as evidence of the value of the property; so that if the trier of fact did determine (1) there was a lack of good faith on the appellees or (2) the appellee benefited from any mistake that may have been made, then a proper damage verdict could be entered.
If petitioners’ reasoning were followed, the trial judge could have found either of the alternatives mentioned, supra, to have existed but having excluded the deposit receipt as evidence not been able to return a verdict for appropriate damages.
Accordingly, we adhere to our former opinion and the petition for rehearing is denied.